WILLIAM JONES, the younger, Appellant, *v.* WILLIAM GOODRICH, Appellee.

APPEAL FROM COOK.

Where the proof taken in a case, shows that the action accrued to a person, who was doing business in the name of Goodrich & Co., and that the defendant knows that the business was for the benefit of Goodrich alone, proof of the account in the name of Goodrich & Co., will sustain an action in the name of Goodrich.

A person has a right to adopt the style of a firm, for business purposes.

The opinion of the court gives a statement of the facts.

Judgment by MANNIERE, Judge, upon the verdict of a jury, at November term, 1855.

WILKINSON, DOW and PEARSON, for Appellant.

CORNELL, JAMISON and BASS, for Appellee.

SKINNER, J. This was an action of assumpsit, by Goodrich, against Jones. Verdict for plaintiff, and motion for a new trial overruled. The appellant assigns for error, that the Circuit Court refused a new trial, and admitted in evidence the deposition of Birney, taken on the part of the plaintiff. The evidence shows, that Jones was in the employ of Goodrich, who was doing business under the style of "Goodrich & Co.;" that Goodrich advanced to him while so employed, moneys beyond what he was entitled to for his services; that the items of the moneys so advanced, were charged to Jones in the books of Goodrich, kept in the name of "Goodrich & Co.;" that Jones was familiar with

the books, examined the account, and made no objection to its correctness. The proofs seem to us sufficient, to justify the jury in finding that Goodrich had no partner, and that the money was due from Jones to him alone. The deposition of Birney, is accompanied by a copy of the account against Jones, taken from the books of Goodrich, with which Jones was conversant, and which were kept in the name of " Goodrich & Co."

The deposition proves this account, and it is objected that the same is irrelevant to the issue, because the account is between " Goodrich & Co.," and Jones, and because the proof of it establishes an indebtedness to a firm doing business under the style of " Goodrich & Co.," and not a debt to the plaintiff.

This would be a good objection, were it not proved that the plaintiff had no partner, and adopted for business purposes, the style of " Goodrich & Co." This he had a right to do, and was not estopped thereby from proving that he alone was the real party legally interested, and the only representative of " Goodrich & Co." *Moller* v. *Lambert*, 2 Campb. 548 ; *Teed* v. *Elworthy*, 14 East. 210 ; 2 Greenleaf Ev. 278.

*Judgment affirmed.*